# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

JONAH D. DECKER, Respondent, *v.* JAMES KITCHEN, APPELLANT, Impleaded, etc.

*A defense of a discharge in bankruptcy may be waived, by a new promise made at any time before verdict — Courts do not regard fractions of a day.*

Appeal from a judgment in the plaintiff's favor, entered upon a verdict rendered at the Monroe Circuit, and also from an order of the Special Term denying the defendant's motion for a new trial.

The action was brought to recover the balance of an account amounting to $3,921.95, with interest, alleged to be due the plaintiff from the firm of James Kitchen & Co., of which the defendant was a member. The only defense interposed is the defendant's discharge in bankruptcy, granted on the 8th day of November, 1876. The regularity and sufficiency of the discharge was not questioned by the plaintiff. To sustain a recovery the plaintiff relied wholly upon the promise of the defendant to pay the debt subsequent to the discharge.

Upon the trial evidence was given of a promise by the defendant to pay the debt, which was made immediately after the service of the papers upon him and in the presence of the officers serving them.

"The learned counsel for the appellant contends, that as the promise to pay was subsequent to the commencement of the action, the same was prematurely commenced, citing a familiar rule, that the plaintiff must stand upon his rights as they existed at the time the action was commenced; that there must exist at that time a substantive cause of action in the plaintiff's favor, and that the right of action cannot rest upon facts subsequently arising.

"There are many authorities holding that in an action upon a debt discharged under the provisions of insolvent laws, the discharge

may be waived ·at any time before verdict, even on the trial, and a recovery had upon the original obligation.

"In *Lloyd* v. *Maund* (2 T. R., 760), after the action had been commenced, the defendant wrote a letter to the plaintiff's attorney, making admissions which were held to be sufficient to take the case ·out of the operation of the statute of limitations, which the defendant had pleaded in bar of a recovery. It was held that the promise made after suit commenced was sufficient, and a recovery sustained.

"So in *Rucker* v. *Hannay* (4 East, 604) the defendant after the commencement of suit, in an affidavit read on an application to the ·court, for leave to plead the statute, made an admission which was left to the jury as evidence from which they could find a promise to pay the original indebtedness.

"To the same effect are the cases of *Yea* v. *Fouraker* (2 Burrows, 1099); *Thornton* v. *Illingworth* (2 Barn. & Cress., 826); *Wright* v. *Steele* (2 N. H., 53). As a general rule the courts do not inquire into the fractions of a day, except for the purpose of guarding against injustice. The service of the papers and the holding ·of the conversation in which the alleged promise was made, may be regarded as contemporaneous and simultaneous acts. It is impossible to state the length of time which passed between the act of ·delivering the papers to the defendant, and his making the promise to pay." (*Blydenburgh* v. *Cotheal*, 4 Comst., 418; *Clute* v. *Clute*, 3 Denio, 263; *Small* v. *McChesney*, 3 Cow., 19.)

*Theodore Bacon*, for the appellant.

*Jonah D. Decker*, respondent in person.

Opinion by BARKER, J.; SMITH, P. J., and HARDIN, J., concurred.

Judgment and order affirmed.